7573

STATE *EX REL.* McFADDEN v. STATE BOARD OF CAN-
VASSERS.

COUNTIES—ELECTIONS.—Where an election is held in portions of two
counties on the proposition of forming a new county out of portions
of the territory of each and the election fails in one county, the
validity of the election held in the other is immaterial.

Petition in the original jurisdiction of this Court by W. D.
McFadden for writ of *certiorari* to the State Board of Can-
vassers.

*Mr. R. H. Welch,* for petitioner.

*Attorney General J. Fraser Lyon,* contra.

May 11, 1910.    The opinion of the Court was delivered
by

MR. JUSTICE HYDRICK.    This was a petition to this
Court, in its original jurisdiction, for a writ of *certiorari* to
the State Board of Canvassers to review their action in dis-
missing an appeal from the county board of canvassers for
Clarendon County, which overruled the contest of the peti-
tioners of an election held in a portion of Clarendon County
on the proposition to form a new county out of portions of
Clarendon and Williamsburg Counties.    There was only
one precinct and voting place in that portion of Clarendon
County involved in the new county proposition.    The valid-
ity of the election at that precinct was contested on numer-
ous grounds.    There was no question as to the election in
that portion of Williamsburg County sought to be incorpo-
rated into the proposed new county, and it was admitted
that the new county proposition failed to secure the neces-
sary two-thirds vote in that section.    The Constitution
(Art. VII, sec. 2), as to the formation of new counties,
provides that "no section of the county proposed to be dis-

membered shall be thus cut off without consent by a two-thirds vote of those voting in such election."

As the new county could not be created without securing a two-thirds vote in favor of it in that portion of Williamsburg which it was proposed to cut off, and as the proposition failed to secure such vote, the validity of the election held in Clarendon becomes immaterial.

The petition is therefore dismissed.